**BONZIK et al. v. DELAWARE & H. R. CORPORATION, and five other cases.**

Nos. 3390–3395.

District Court, M. D. Pennsylvania.

Sept. 22, 1937.

A. M. Lucks and R. L. Levy, both of Scranton, Pa., for plaintiffs.

Paul Bedford, Frank A. McGuigan, and Benjamin R. Jones, Jr., all of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

These are motions for judgments for the defendant on a point reserved upon a motion for binding instructions for the defendant.

The plaintiffs brought six separate actions in trespass to recover damages for injuries resulting from a wreck of defendant's freight train on which they were riding. The statements of claim allege that one of the group of plaintiffs requested permission of the brakeman on defendant's train to ride thereon and permission was given to plaintiffs by the brakeman; that part of defendant's right of way in the borough of Avoca has for many years been undermined and subject to subsidences, and due to that condition defendant has posted signs reading "Twenty Miles," forbidding its employees to operate trains in excess of that speed; that defendant's engineer, with knowledge of the presence of plaintiffs on the train, the condition of the right of way, and the rule limiting the speed of trains, was guilty of a wanton act of negligence by running the train over the area in question at a dangerous rate of speed in excess of 40 miles per hour, and as a result thereof, the train was derailed and plaintiffs were injured. In an opinion of July 31, 1934,[1] the court overruled affidavits of defense raising questions of law and held that the statements of claim alleged sufficient facts from which, if established, a jury would be warranted in finding the defendant liable for wanton negligence. The cases came on for trial before the court and a jury. At the conclusion of plaintiffs' testimony, defendant moved for binding instructions and the court reserved decision thereon. The case was submitted to the jury, which, having failed to arrive at a verdict, was discharged. The case is now before the court on the point reserved.

In a motion for binding instructions inferences adduced must be resolved in the most favorable light to the plaintiffs. The evidence of the plaintiffs shows that defendant's engineer knew that the plaintiffs were on the train; that he knew the conditions of the track and the rule of the defendant limiting the speed of trains over the track to 20 miles per hour; that despite such knowledge the train traveled over that area, at a curve, at a speed from 45 to 60 miles per hour; that the cause of the accident was due to the speed of the train and the conditions of the roadbed. Under all the facts adduced by the plaintiffs, the court cannot hold as a matter of law that the plaintiffs cannot recover.

The question is substantially the same as that decided by the court in the opinion of July 31, 1934, dismissing defendant's affidavit of defense raising questions of law. The plaintiffs produced sufficient evidence to support the allegations of the statements of claim and there was sufficient evidence to justify the court in submitting the case to the jury.

And now, September 22, 1937, the motion for binding instructions is denied; the motions for judgment for defendant is denied and the rules thereon are discharged; and new trials are granted.

---

[1] No opinion for publication.